IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 04-433 |
| | : | |
| v. | : | CIVIL ACTION NO. 07-0904 |
| | : | |
| BRIAN LAMAR PEARSON | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                                               **August 29, 2007**

The defendant, who pled guilty to possession with intent to distribute crack cocaine within 1,000 feet of a school and possession of a firearm in furtherance of a drug trafficking crime, has filed a *pro se* motion under 28 U.S.C. § 2255, alleging that his plea was involuntary and unintelligent; his counsel was ineffective at his suppression hearing, sentencing and on appeal; the court erred in denying his suppression motion; and the government withheld unspecified exculpatory evidence. He does not contest the validity of his plea agreement itself. Nor does he question the appellate waiver.

The government seeks dismissal of the motion because the defendant waived his appellate rights, including the right to collaterally attack his sentence, in his plea agreement. In the alternative, the government argues that the defendant's claims are without merit.

I conclude that the defendant knowingly and voluntarily waived the right to collaterally attack his sentence, and that upholding the waiver will not result in a miscarriage of justice. Even if there were no valid waiver, the defendant's claims fail on the merits. Therefore, the defendant's motion must be denied.

### Procedural History

The defendant was charged in an indictment with one count of possession of

cocaine base within 1000 feet of a school, 21 U.S.C. § 860(a); one count of possession of cocaine base, 21 U.S.C. § 841; and one count of possession of a gun in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). On January 18, 2005, pursuant to a written plea agreement, the defendant entered a guilty plea to the first and third counts. The plea agreement included a waiver of appellate rights, including a waiver of his right to pursue a collateral attack through a habeas motion to vacate, set aside or modify his sentence. The defendant limited his right to appeal to four instances. He reserved the right to appeal only if the government appealed, his sentence exceeded the statutory maximum, the sentencing judge erroneously departed upward from the sentencing guideline range, and the denial of his suppression motion.

On April 28, 2005, the defendant was sentenced to ten years on the distribution count and a consecutive five years on the gun count, for a total of 180 months imprisonment. He was resentenced on May 3, 2005 to correct the term of supervised release only. He filed a timely notice of appeal with the Third Circuit Court of Appeals, raising the suppression issue. On May 5, 2006, the Third Circuit affirmed the judgment of conviction, finding that the search warrant was supported by probable cause.

On March 6, 2007, the defendant filed his timely *pro se* motion under 28 U.S.C. § 2255. The government filed its response, invoking the appellate waiver.

## The Appellate Waiver

Appellate waivers are valid and enforceable if entered knowingly and voluntarily, and enforcing them will not work a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). A waiver of appeal includes relinquishing "the opportunity to

challenge the sentence imposed, regardless of the merits." *Id*. at 561.

A waiver may be invalidated in the unusual circumstance where an error amounts to a miscarriage of justice. *Id*. at 561-62. Analyzing whether an appellate waiver should be set aside to avoid a potential miscarriage of justice, the court considers a number of factors. *Khattak*, 273 F.3d at 563. Relevant factors include "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id*.; *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001). While noting that it "chose not to earmark specific situations," the *Khattak* court stated that these factors are offered as "some guidelines," and emphasized that the governing standard is one of a "miscarriage of justice." *Id*. at 563.

Only where the petitioner claims that the waiver itself was the result of counsel's ineffectiveness will courts decline to enforce an appellate waiver in a motion under 28 U.S.C. § 2255   *United States v. White*, 307 F.3d 336, 337 (5th Cir. 2002); *United States v. Clark*, No. 05-2201, 2006 WL 1096157 at *2 (3d Cir. Apr. 26, 2006). All other ineffectiveness contentions are precluded by the waiver.

To ensure that an appellate waiver is knowing and voluntary, the judge must inform the defendant of the plea agreement provisions waiving the right to appeal or collaterally attack a sentence, and determine that the defendant understands the waiver. *Khattak*, 273 F.3d at 560. The defendant was so advised during the guilty plea colloquy. At his guilty plea, the defendant was specifically advised of his appellate rights and his right to

collaterally attack his sentence by a habeas petition.  He acknowledged that he had these rights and was relinquishing them.  He confirmed repeatedly that his decision to plead guilty was voluntary and he was pleading guilty of his own free will.  He also stated that he was satisfied with his attorney's representation.  At no time during the guilty plea colloquy or sentencing did he exhibit any reluctance to go forward or a lack of understanding of what he was giving up by pleading guilty.  Thus, the defendant's appellate waiver was knowing and voluntary; and, absent a miscarriage of justice, it should be enforced.

In his motion, the defendant does not contend that he entered the plea agreement unknowingly or that he did not understand the waiver.  His contention is that his plea to the gun count was entered unintelligently because he was not properly informed of the elements of the offense of possessing a gun in furtherance of a drug trafficking crime.

The facts do not support the defendant's argument that he did not know and appreciate what the elements of the crime were.  The elements of the gun offense were set forth on the record, and the defendant stated he understood them and had no questions about them.  Prior to accepting the plea, I found that the defendant's willingness to enter a guilty plea was voluntary, and he had a full understanding of the elements of the offenses and his right to go to trial.

At the change of plea hearing, the defendant admitted that he did what the government contended he had done, including having the gun in his car with the drugs.  He did not challenge the government's contention that the gun had been for the protection of his drugs and his trafficking activity.   At sentencing, the defendant acknowledged that he had the gun in his car because he was at risk selling drugs on the street.  At that time, he did not register any lack of understanding about the gun charge.

Justice will not be compromised by enforcing the waiver. The defendant was sentenced to 180 months, the mandatory minimum sentence. The defendant received the benefit of his bargain with the government. In consideration of his agreeing to the terms of the plea agreement, the government dismissed an additional count that would have resulted in a significantly more severe sentence mandated by statute.

Because the waiver was knowing and voluntary, it will be enforced. The government did not appeal the sentence, nor did the sentence exceed the statutory maximum sentence. The defendant has not offered nor do I find any circumstances that would result in a miscarriage of justice by enforcing the waiver. Therefore, absent ineffectiveness of counsel that caused the defendant to waive his appellate rights, the waiver must be upheld.

### Ineffective Assistance of Counsel

Even if the appellate waiver were invalid, the defendant's claims fail on the merits. The defendant argues that his counsel was ineffective for failing to properly present his suppression motion and to argue the cocaine powder - crack sentencing guideline disparity at sentencing.

An ineffective assistance of counsel claim is evaluated under the two-step *Strickland* test which considers, first, whether counsel's performance was so deficient as to constitute a denial of counsel; and, if so, then, whether the alleged errors prejudiced the defendant by depriving him of a fair proceeding. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The defendant cannot demonstrate that his attorney's performance was deficient. His counsel filed and litigated the suppression motion. Just because the motion was denied does not mean that counsel's performance was wanting.

The defendant also contends his counsel failed to argue that the gun found in his possession at the time of the search should have been suppressed because it was not specified in the warrant. Whether it was or not would not have affected the outcome of the suppression ruling. The gun was uncovered during the course of a lawful inventory search after the drug evidence had been seized.

The cocaine powder/crack guideline disparity is not an issue. The sentence was the minimum that could have been imposed under the applicable statutes. The guidelines were overridden by the statutory minimums. Absent a government motion, there was no discretion to sentence the defendant to a term below the statutory minimum. Counsel cannot be faulted for failing to make a frivolous argument.

The defendant claims his lawyer's argument for disclosure of the confidential informants who had provided information to the police which formed part of the probable cause in support of the search warrant was not adequately supported by legal authority. In essence, the defendant is attempting to relitigate his suppression motion, which he cannot do. Furthermore, there was no legal or factual basis for disclosure. Consequently, the defendant cannot establish any deficient performance or prejudice.

## Conclusion

The defendant's appellate waiver was knowing and voluntary, and enforcing it will not work a miscarriage of justice. Even if the waiver were invalid, the defendant's claims are meritless. Therefore, the motion will be denied.