**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION NO. 04-433** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN LAMAR PEARSON** | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                          **December 3, 2008**

The defendant, convicted of possession with intent to distribute cocaine base crack within 1000 feet of a school[1] and possession of a firearm in furtherance of a drug trafficking crime,[2] moves for a reduction in his sentence pursuant to 18 U.S.C. §3582(c)(2). He contends that Amendment 706, the crack cocaine amendment, to the Sentencing Guidelines entitles him to a sentence reduction. The government opposes a reduction, arguing that the amendment is inapplicable to the defendant because he was sentenced to a statutory mandatory minimum. Because the guideline amendment has no impact upon the defendant's sentence, his motion for reduction will be denied.

At the time the defendant was sentenced, his total offense level was 32 and his criminal history category was II which resulted in the sentencing guideline range of 135 - 168 months imprisonment. The drug charge carried a statutory mandatory minimum sentence of ten years and the gun count required a mandatory five year minimum sentence to run consecutively to the drug count. Thus, the defendant was sentenced to

---

[1] 28 U.S.C. §860(a)

[2] 18 U.S.C. §924(c)(1)(A)

a mandatory minimum term of 180 months imprisonment[3].

Section 3582(c)(2) permits the reduction of a defendant's sentence "where the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ". 18 U.S.C. §3582(c)(2); U.S.S.G.§1B1.10(a).

On November 1, 2007, the Sentencing Commission amended the Drug Quantity Table set forth in §2D1.1 of the Sentencing Guidelines, reducing by two the offense levels applied to crack cocaine offenses. On December 11, 2007, in Amendment 706, the Sentencing Commission made application of amended crack cocaine based guidelines retroactive, effective March 3, 2008.

Applying the amended crack cocaine guidelines, the defendant's total offense level is 30. His criminal history category remains at II. Accordingly, the recalculated sentencing guideline range is 108 - 135 months imprisonment. However, because he was sentenced to statutory mandatory minimum sentences on each count that together exceed the guideline range, the guideline range is immaterial.

Section 3582(c)(2) is the vehicle for a defendant to secure relief for a reduced sentence under amended sentencing guidelines. It must be read together with U.S.S.G. §1B1.10. These two provisions are co-dependent.

Section 3582(c)(2) permits a sentencing reduction based on a retroactive guideline only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(2). Congress has specifically delegated to the Sentencing Commission the authority to determine when and to what extent a sentencing reduction is allowed. 28 U.S.C. §994(u).

---

[3]The defendant filed an appeal to the Third Circuit Court of Appeals. The judgment was affirmed by the appeals court.

Section 1B1.10 of the United States Sentencing Guidelines, the policy statement addressing reductions in sentences as a result of the amended guideline ranges, provides, in part, as follows:

> (2) Exclusions. - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. §3582(c)(2) if -
>
> * * *
>
> (B) An amendment listed in subsection (b) does not have the effect of lowering the defendant's applicable guideline range.
> U.S.S.G. §1B1.10(a)

Application Note 1(A) provides that a reduction under §3582(c)(2) is not authorized where "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. §1B1.10, Comment. (n.1) (A).

Section 3582(c)(2) applies to a defendant whose sentence was "based on" a subsequently lowered "sentencing range." In this case, the defendant's sentence was not based on a guideline range, but on the statutory mandatory minimums applicable to the nature of the offenses. The defendant's base offense level under U.S.S.G. §2D1.1, the drug quantity table, was not a factor in the calculation of the sentence imposed. Thus, Amendment 706 could not lower the sentencing range upon which the sentence was based.

## Conclusion

Although Amendment 706 reduces the defendant's offense level, it does not have the effect of lowering his applicable guideline range because of the application of

the statutory mandatory minimum terms of imprisonment. Thus, the defendant is not eligible for relief under §3582(c)(2). See *United States v. Walsh*, 26 F.3d 75, 77 (8th Circuit 1994).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION NO. 04-433** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN LAMAR PEARSON** | : | |

## ORDER

**AND NOW**, this 3rd day of December, 2008, upon consideration of the Defendant's Request for the Modification of Sentence Pursuant to §3582(c) (Document No. 54) and the government's response, it is **ORDERED** that the motion is **DENIED**.

          /Timothy J. Savage
    TIMOTHY J. SAVAGE,  J.