# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN LAMAR PEARSON** | : | **NO. 04-433** |

## MEMORANDUM

**Savage, J.**                                                                                       **May 1, 2024**

Having served over six years of his ten-year term of supervised release, Brian Lamar Pearson moves for early termination.[1] To demonstrate rehabilitation, he cites his having attained professional certifications and accreditations, preparing to start his own home remodeling company, completing all court-mandated programs, and paying all fines and restitution.

The Probation Office does not oppose his request. The government does. It argues that he waived his right to move for early termination of supervised release in his plea agreement and that he has not demonstrated anything beyond what is expected of one on supervision.[2]

After reviewing the submissions and considering the factors under 18 U.S.C. § 3553(a), we shall grant the motion.

## Background

On January 18, 2005, Pearson pleaded guilty to one count of possession with intent to distribute cocaine base within 1000 feet of a school in violation of 21 U.S.C. §

---

[1] Affidavit, ECF No. 63 ["Mot. for Early Termination"].

[2] United States' Opp'n to Def.'s Mot. For Early Termination of Supervised Release at 4, 11, ECF No. 67 ["Resp."].

860(a), and one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A).[3]

In his guilty plea agreement, Pearson accepted responsibility and agreed not to appeal or collaterally challenge his conviction or sentence.[4] In exchange, the government agreed to a two-level reduction.[5]

On May 3, 2005, Pearson was sentenced to the mandatory minimum term of fifteen years imprisonment and a mandatory ten years of supervised release.[6] His term of supervised release began on November 22, 2017 and expires on November 21, 2027.[7]

The government contends that Pearson waived his right to relief in his plea agreement. The plea agreement stated:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.[8]

The government, relying on *United States v. Damon*, 933 F.3d 269 (3d Cir. 2019), argues that a petition for early termination is a "challenge" to the sentence that is barred by Pearson's plea agreement. It argues that when he entered the agreement, Pearson knowingly and voluntarily waived his right to request early termination of supervised release.

---

[3] Guilty Plea Agreement, ECF No. 22.

[4] *Id.*

[5] Resp. at 2.

[6] Judgment, ECF No. 32.

[7] Resp. at 2.

[8] Guilty Plea Agreement ¶ 12

This case is distinguishable. In *Damon*, the defendant's waiver barred "any appeal, any collateral attack, or any other writ or motion ... which challenges the sentence imposed by the sentencing court." *Damon*, 933 F.3d at 271. Here, Pearson's plea agreement bars only appeals and collateral attacks. It does not explicitly preclude his moving for early termination of supervised release. He waived his rights to file an appeal or a motion collaterally attacking his sentence. His present motion is not an attack upon his sentence. On the contrary, he acknowledges the validity of the sentence.

The agreement specifically identifies three statutory grounds for challenging the conviction or sentence. A motion under 18 U.S.C. § 3583(e) is not one of them. The government relies on the undefined catchall "any other provision of law" language. Yet, it points to nothing in the guilty plea colloquy to show that Pearson knowingly understood and willingly gave up his right to file for early termination of supervised release under § 3583(e). Although the right to file a direct appeal and a motion under 28 U.S.C. § 2255 were expressly identified as barred by the waiver, there was no reference to a motion for early termination.

Our holding that the plea agreement does not bar a motion to terminate supervision is consistent with the decisions and reasoning of other judges of this court. *See United States v. Alhinde Weems,* No. CR 09-708-1, Docket No. 143 (E.D. Pa. Jan. 6, 2023) (Slomsky, J.); *United States v. Fluellen,* No. CR 09-497-1, 2022 WL 309159 (E.D. Pa. Feb. 2, 2022) (Smith, J.); *United States v. Mabry*, 528 F.Supp.3d 349 (E.D. Pa. 2021) (Robreno, J.); *United States v. Martinez*, No. CR 13-00619-2, Docket No. 302 (E.D. Pa. Feb. 27, 2020) (Schiller, J.); *United States v. Crews*, No. CR 10-663-5, 2020 WL 6581430 (E.D. Pa. Nov. 10, 2020) (Padova, J.). Thus, we consider the motion on the merits.

A court may, in its discretion, terminate a term of supervised release after one year "if termination is warranted by the defendant's conduct and is in the interest of justice." 18 U.S.C. § 3583(e). Before doing so, the court must consider the sentencing factors set forth in § 3553(a). Despite the statutory mandate that a court consider all § 3553(a) factors, the Third Circuit Court of Appeals has held that the need for a sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment is not relevant to the consideration of early termination of supervised release. *United States v. Murray*, 692 F.3d 273 (3d Cir. 2012).

Supervised release is not intended to be a form of punishment. It is meant to assist the defendant integrating into the community. It is a form of rehabilitation. *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021); *Murray*, 692 F.3d at 280.

Pearson is an honors graduate of Thaddeus Stevens College of Technology in the Electrical field and is certified in Lead Abatement Supervision. He is starting his own remodeling, demolition, and hauling company. Beyond working as a self-described "local handy man", Pearson plans to specialize in lead removal and residential electric work. He has also obtained a Commercial Driver's License (CDL) and he is a licensed personal trainer.

The father of twins, Pearson asserts that he is "motivate[d] … to focus on being the best possible version of myself so that I can only hope that they have a vision of happiness and love when they see me for all that I try to do to make our lives better."[9] With this motivation and his acquired skills and accreditations, he is productively contributing to society. He is not in need of continuing supervision. The Probation Office

---

[9] Mot. for Early Termination at 3.

supports termination.

## Conclusion

Having considered the relevant § 3553(a) factors and Pearson's conduct, we conclude that early termination of supervised release is warranted. Therefore, we shall grant his motion.